UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD JAY KAPLAN #143064,

      Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.
_____/

File No. 1:11-CV-255

HON. ROBERT HOLMES BELL

**O P I N I O N**

On March 26, 2013, the Court entered an order approving and adopting the Magistrate Judge's Report and Recommendation (R&R) (Dkt. No. 96), dismissing as moot Plaintiff's claims for injunctive and declaratory relief, and granting Defendants' motions for summary judgment (Dkt. Nos. 18, 37, 55). (Dkt. No. 101.) The previous day, Plaintiff had filed a motion for extension of time to file objections, which was not addressed in this Court's order. (Dkt. No. 100.) Subsequently, Plaintiff filed his objections. (Dkt. No. 103.)

Plaintiff requested additional time because of an inability to concentrate and focus for prolonged periods without pain medication. Additionally, he noted the complexity and length of the R&R. He also argued that prison conditions limited his access to the library and ability to have copies made. The Court finds that good cause has been shown for an extension. Consequently, it will deem his objections filed March 29, 2013, timely filed, and address them at this time. However, because the Court finds Plaintiff's objections to lack

merit, it will not vacate its March 26 order and entry of judgment.

Plaintiff first objects to the entry of summary judgment before the opportunity for discovery. This lawsuit was filed in March 2011. The Court agrees with the Magistrate Judge that two years constitutes more than sufficient time to conduct discovery, especially considering the fact that Plaintiff was granted numerous extensions of time to respond to Defendants' motions for summary judgment. There was no error in recommending summary judgment at this time.

Plaintiff also objects to the Magistrate Judge's conclusion that Plaintiff submitted no evidence that the medical records had been falsified. Plaintiff argues that the Magistrate Judge ignored the record evidence in his pleadings, motions and affidavits. However, the Magistrate Judge explicitly considered the allegations made by Plaintiff: "All plaintiff's medical records are considered herein, as are his assertions that various medical records are inaccurate." (Dkt. No. 96, at 7 n.7.) Moreover, Plaintiff's purported evidence consists of nothing more than unsupported, vague, conclusory allegations of widespread falsification by multiple doctors. For example, without identifying which examinations he is referring to, Plaintiff alleges that numerous doctors over many years entered results in his records for neurological and physical examinations that were never conducted. (*See* Dkt. No. 45, at 1-2; Dkt. No. 68, 14-16.) Beyond such vague statements of widespread medical fraud, Plaintiff offers nothing to substantiate his allegations. The Court agrees with the Magistrate Judge that these allegations are frivolous and without support.

Third, Plaintiff objects to the Magistrate Judge's failure to reach the merits of his claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). However, the Magistrate Judge did not need to reach the merits of Plaintiff's claims because they were moot. First, the R&R correctly noted that Plaintiff had conceded that summary judgment for Defendant Buller was appropriate on Plaintiff's ADA and RA claims. (Dkt. No. 96, at 2 n.3 (citing Dkt. No. 68, at 28).) Second, the R&R also addressed, albeit somewhat unclearly, Plaintiff's ADA and RA claims against the MDOC and Lafler.[1] The Magistrate Judge correctly noted that Plaintiff had conceded that Lafler was entitled to summary judgment in his favor on all claims except Plaintiff's claims against him in his official capacity under the ADA and the RA. (Dkt. No. 96, at 2 n.2.) In his response to Lafler's motion for summary judgment, Plaintiff stated as follows:

> Plaintiff concedes that he may not sue State officials in their individual capacities under the ADA or RA, but only in their official capacities. However, Plaintiff denies that he is attempting to sue Defendant in his individual capacity . . . . The Complaint clearly states that Defendant Lafler is sued officially under the Americans with Disabilities Act and Rehabilitation Act . . . .

(Dkt. No. 44, at 29 (internal citation omitted).)[2]

---

[1] The Court agrees with the Magistrate Judge that Plaintiff's request that the court strike the warden's affidavit on the ground that he lacks personal knowledge was frivolous. (Dkt. No. 96, at 22 n.9.)

[2] As for Plaintiff's assertion that he is suing Lafler in his individual capacity under the First, Sixth, Eighth, and Fourteenth Amendments, the Court notes that Plaintiff's complaint fails to make such claims. Instead, the Complaint indicates that it was Lafler's alleged violation of the ADA and the RA which implicated these Amendments. (Dkt. No. 1, Compl. ¶ 88.) Plaintiff has explicitly stated that his ADA and RA claims are against Lafler in his official capacity only. (Dkt. No. 44, at 29.) Moreover, Plaintiff stated in his response "Plaintiff concurs . . . that Defendant Lafler was not personally involved in Plaintiff's medical care. Accordingly, he will
(continued...)

3

Plaintiff's complaint seeks compensatory damages from Lafler, and prospective relief from both Lafler and the MDOC. (Compl., Relief Requested ¶¶ 3, 6, 15.) "State officials sued only in their official capacities are not 'persons' under § 1983 when sued for compensatory damages." *Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). Thus, Plaintiff cannot recover compensatory damages against Lafler. Nor can he recover prospective relief from either Lafler or the MDOC. Plaintiff's claims relate to conditions at Carson City Correctional Facility (DRF). As the Magistrate Judge correctly noted, Plaintiff is presently an inmate at the Chippewa Correctional Facility (URF), making his claims for declaratory and injunctive relief moot. (Dkt. No. 44, at 23.) Thus, there was no error in the R&R; because Plaintiff's claims for damages and prospective relief are moot, there was no need for the Magistrate Judge to reach the merits of the claims or the issue of whether the MDOC has waived its right to be sued under the ADA and the RA.

Plaintiff next objects to the Magistrate Judge's conclusions regarding his Eighth Amendment claim. Plaintiff re-raises his argument that his medical records are falsified. He also argues that the Magistrate Judge ignores all of his evidence and relies exclusively on Defendants' evidence. The Court agrees with the Magistrate Judge's analysis. Plaintiff's unsupported allegations that his medical records were falsified are not sufficient to create a genuine issue of material fact as to whether the subjective component of a deliberate

---

²(...continued)
stipulate to a Grant of summary judgment. Plaintiff does not stipulate to immunity or summary judgment as it relates to the ADA/RA counts." (Dkt. No. 44, at 30.)

indifference claim was satisfied. The Court agrees with the Magistrate Judge that the medical records show that plaintiff received virtually constant medical attention, at a level exceeding that available to most free citizens. Plaintiff was treated on an ongoing basis. The fact that he would have preferred different treatment or different doctors does not rise to the level of deliberate indifference. Moreover, the reasons behind the care given and the medications prescribed (and those not prescribed) were grounded in medical judgment. Thus, there was no error.

Last, Plaintiff objects to the Magistrate Judge's conclusion that he failed to present evidence of a causal connection or adverse action in making out his First Amendment retaliation claim. He also argues that the adverse action was "a substantial cut in, and termination of care" rather than medical professionals not prescribing Plaintiff's preferred medications. The Court agrees with the Magistrate Judge that Plaintiff has not presented sufficient evidence to support a causal connection between his protected conduct and Defendants' actions. The Court also agrees that Defendants have shown that they would have taken the same actions regardless of plaintiff's grievance activity because their decisions were based on medical judgment. Whether the alleged adverse action is couched as the failure to prescribe preferred medications or a reduction of/termination in care, these conclusions are unaltered.

An order consistent with this opinion will be entered.

Dated: April 10, 2013                                              /s/ Robert Holmes Bell
                                                                                             ROBERT HOLMES BELL
                                                                                             UNITED STATES DISTRICT JUDGE